UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROBERT REGINALD COMENOUT, et al., <br><br> Petitioners, <br><br> v. <br><br> PAUL A. PASTOR, et al., <br><br> Respondents. | CASE NO. 3:18-cv-5113-RJB-TLF <br><br> ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING CASE WITHOUT PREJUDICE |

THIS MATTER comes before the Court on the Report and Recommendation of United States Magistrate Judge Theresa Fricke. Dkt. 6. The Court has considered the R&R, Petitioners' Objections to the R&R, the underlying habeas corpus petition, and the remainder of the file herein.

Under 28 U.S.C. §§2241 and 2254, Petitioners challenge their state law convictions for unlawful possession and sale of cigarettes on Indian property. Petitioners, who are enrolled

ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING CASE WITHOUT PREJUDICE - 1

members of a federally-recognized tribe, argue that the state court had no jurisdiction over Petitioners for crimes based on commerce by Indians on Indian land.

The R&R recommends that the petition be dismissed without prejudice for the failure to exhaust state court remedies. The undersigned agrees and will adopt this finding.

The Washington State Court of Appeal, Division II, filed a decision on Petitioners' appeal on December 27, 2017, and the opinion "became the decision terminating review . . . on January 29, 2018." Dkt. 7-1 at 2. More than thirty (30) days has elapsed since the Court of Appeals decision terminating review, which may bar direct appeal. *See* RAP 4.2 and 13.4(a), However, Petitioners may file a personal restraint petition (PRP) up to one year after "final judgment," defined as the "date that an appellate court issues its mandate disposing of a timely direct appeal[.]" RCW 10.73.090(1) and (3)(b). Division II issued the mandate affirming the lower court on March 30, 2018. Dkt. 7-1 at 2. Time remains for Petitioners to file a PRP.

Washington law gives Petitioners six grounds to file a PRP, including at least one apparently applicable to Petitioners: "[t]he statute that the defendant was convicted of violating was unconstitutional . . . as applied[.]" RCW 10.73.100(2). After a PRP is filed, the Washington State Supreme Court has discretion to grant review under certain "considerations," including "[i]f the decision of the Court of Appeals is in conflict with a decision of the Supreme Court . . . [i]f a significant question of law under the [state or federal] Constitution . . . is involved . . . or [i]f the petition involves an issue of substantial public interest[.]" RAP 13.4(b). As discussed at length in the R&R, Dkt. 6 at 7, 8, at least three of the considerations for discretionary review apply. Because Petitioners could have (but have not yet) filed a PRP, Petitioners have not exhausted state court remedies.

In their Objections, Petitioners make several arguments challenging the merits of the R&R. <u>First</u>, Petitioners contend, appeal to the Washington State Supreme Court is unavailable because it would be futile, where the December 27, 2017 Division II opinion relied on a case that may soon be considered by the Supreme Court of the United States, potentially changing the backdrop of binding authority. Dkt. 7 at 3, 4, citing *Cougar Den, Inc. v. Washington State Dep't of Licensing*, 188 Wn.2d 55 (2017), *certiorari pending*, 138 S.Ct. 294. The fact that applicable authority is on appeal, including *Cougar Den*, does not eliminate Petitioner's obligation to exhaust state court remedies; to hold otherwise would prove unworkable.

<u>Second</u>, Petitioners contend, this case does not fit under one any of the "types of cases" permitted for direct review to the Washington State Supreme Court. *Id*. at 4, 6. This argument overlooks *at least* RAP 4.2 subsections (a)(3) (conflicting decisions) and (a)(4) (public issues). Further, even if direct review is not warranted, Petitioners have made no effort to exhaust state remedies by filing a PRP.

<u>Third</u>, Petitioners contend, prevailing case law reflects a bias by the States, including the State of Washington, against tribes, so it would be futile for Petitioners to continue appealing their case to the Washington State Supreme Court. *Id*. at 8. This argument fails on account of its generality and the meager showing by Petitioners.

<u>Last</u>, Petitioners contend, none of the RAP 13.4 "considerations governing acceptance of review," such as "significant question of law under the [state or federal] Constitution," apply. The R&R squarely addressed the RAP 13.4 considerations, finding that at least several could apply. Dkt. 6 at 7, 8.

\* \* \*

THEREFORE, it is HEREBY ORDERED:

ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING CASE WITHOUT PREJUDICE - 3

1  (1) The Report and Recommendation (Dkt. 6) is HEREBY ADOPTED and
2      supplemented with the above discussion.
3  (2) The case is HEREBY DISMISSED WITHOUT PREJUDICE.
4  It is so ordered.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 18th day of April, 2018.

*Robert J. Bryan* (signature)

ROBERT J. BRYAN
United States District Judge